**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Shahid Parves, | 1:26-cv-00625-GHW-BCM |
| *Plaintiff,* | **JOINT PRE-CONFERENCE STATEMENT** |
| v. | |
| Beyond Identity Inc., | |
| *Defendant.* | |

Pursuant to the Court's Order of March 27, on April 10 the parties held a Rule 26(f) conference via videoconference and now submit this joint pre-conference statement.

**1.     The date of the conference and appearances for the parties, including the names of the individual attorneys who will attend, their law firms, addresses, and telephone numbers, and the party or parties represented.**

The initial conference is set for May 12, 2026 at 11:00am.  The following attorneys have appeared in this case; those with asterisks will appear at the initial conference:

*For Plaintiff Shahid Parves:*

Benjamin Rudolph Delson\*
Alexander Granovsky
Granovsky & Sundaresh PLLC
48 Wall Street, 11th Floor
New York, New York 10005
(646) 524-6001
delson@g-s-law.com
ag@g-s-law.com

*For Defendant Beyond Identity Inc:*

Joseph D. Lockinger\*
Steven Zuckerman\*
Cooley LLP
55 Hudson Yards
New York, New York 10001-2157
(212) 479-6736
jlockinger@cooley.com
szuckerman@cooley.com

**2. A concise statement of the nature of the case and the issues as they appear on the date of the Statement, including any issues as to jurisdiction or venue and any anticipated motions pursuant to Fed. R. Civ. P. 12(b) or (c).**

Plaintiff Shahid Parves applied for and was offered a job with Defendant Beyond Identity Inc.  The job offer was withdrawn shortly after it was made.

Plaintiff alleges that Defendant withdrew the job offer because Plaintiff's father suffers from Parkinson's disease, in violation of the Americans With Disabilities Act, 42 U.S. Code § 12101 et seq. ("ADA"), as well as New York State and New York City statutes.

Defendant filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) on April 30, 2026 (ECF No. 20, the "Motion"). The Motion argues that: (i) the ADA claim fails because the Complaint does not allege facts supporting any recognized theory of associational disability discrimination; (ii) the NYSHRL claim fails as a matter of law because associational disability discrimination is not a cognizable cause of action under that statute; (iii) the NYCHRL claim independently fails for lack of any factual basis for an inference of discriminatory motive; (iv) the NYSSLL and ESSTA claims fail because both statutes protect employees only, and Plaintiff never commenced employment with Beyond Identity; and (v) should the ADA claim be dismissed, the Court should decline to exercise supplemental jurisdiction over the remaining state and local law claims.

**3. A proposed deadline for joining additional parties, amending the pleadings, or moving for leave to do so.**

May 21, 2026.

**4. A proposed discovery schedule including:**
**a. A date for exchanging the automatic disclosures required by Fed. R. Civ. P. 26(a)(1)(A), or the date on which such disclosures were accomplished;**

Plaintiff proposes May 19, 2026 (which is more than 14 days after the Rule 26(f) conference).

Defendant proposes 14 days after the court issues an order deciding its Motion.

**b. Dates for the service of initial document production requests and interrogatories (limited in accordance with Local Civil Rule 33.3);**

Plaintiff proposes May 19, 2026 (which is more than 30 days after the Rule 26(f) conference).

Defendant proposes 30 days after the court issues an order deciding its Motion.

**c. A date by which all fact depositions will be completed, including the names (if known) or descriptions of persons expected to be deposed;**

Plaintiff proposes September 11, 2026.

Defendant proposes 120 days after the court issues an order deciding its Motion.

Plaintiff will seek the deposition of a 30(b)(6) deponent for Defendant and of Defendant's employee Ava Peters; Defendant will seek the deposition of Plaintiff and the individual at Plaintiff's former employer most knowledgeable about the grounds for Plaintiff's termination there. Both parties reserve the right to depose such additional individuals as are identified in discovery as having relevant information.

**d. A date for the close of all fact discovery;**

Plaintiff proposes September 11, 2026.

Defendant proposes 120 days after the court issues an order deciding its Motion.

**e. Dates by which each party's expert report(s) or other expert disclosure, and any responding reports, will be supplied to the adversary;**

Plaintiff proposes October 16, 2026 for initial expert reports and November 20 for responding reports.

Defendant proposes 30 days after the close of fact discovery for initial expert reports and 60 days after the close of discovery for responding reports.

**f. A date for the close of all discovery, including expert depositions.**

Plaintiff proposes December 31, 2026.

Defendant proposes 90 days after the close of fact discovery.

3

**5. Any proposed limitations to be placed on discovery, including protective or confidentiality orders.**

The parties intend to enter into a standard confidentiality order.

Defendant takes the position that discovery should be stayed pending a decision on its Motion. As of the date of this filing, Defendant also moved to stay discovery pending the Court's decision on its Motion and has requested that its deadline to respond to Plaintiff's already served discovery requests be set as 30 days from the date of the Court's decision on the Motion.

**6. Any anticipated discovery issues that may warrant early attention from the Court (including ESI protocols, litigation holds, and other issues relating to the preservation, retrieval and/or production of electronically stored information).**

None.

**7. A date, approximately 30 days prior to the close of fact discovery, for a status conference with the Court.**

Plaintiff proposes a telephonic conference the week of August 3 or 10, 2026.

As Defendant proposes that all discovery dates be measured against the date of the Court's decision on its Motion, Defendant proposes setting this date once the fact discovery deadline is established.

**8. When the case should be (a) referred to mediation or (b) scheduled for a settlement conference with the Court.**

The parties propose to mediate within 60 days of a decision on Defendant's Motion.

**9. A date for the filing of pre-motion conference requests regarding summary judgment.**

Plaintiff proposes January 29, 2027.

Defendant proposes 45 days after the close of discovery.

**10. The anticipated length of trial and whether a jury has been requested.**

3 days.

Plaintiff has requested a jury trial.

**11. Whether the parties wish to consent to trial before the designated magistrate judge.**

The parties have not both consented.

Respectfully submitted,

| | |
|---|---|
| */s/ Benjamin Rudolph Delson* | */s/ Joseph D. Lockinger* |
| Benjamin Rudolph Delson | Joseph D. Lockinger |
| Alexander Granovsky | Steven Zuckerman |
| Granovsky & Sundaresh PLLC | Cooley LLP |
| 48 Wall Street, 11th Floor | 55 Hudson Yards |
| New York, New York 10005 | New York, New York 10001-2157 |
| (646) 524-6001 | (212) 479-6736 |
| delson@g-s-law.com | jlockinger@cooley.com |
| ag@g-s-law.com | szuckerman@cooley.com |
| *Attorneys for Plaintiff Shahid Parves* | *Attorneys for Defendant Beyond Identity Inc.* |