```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   5/27/26
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAHID PARVES,

        Plaintiff,

-against-

BEYOND IDENTITY INC.,

        Defendant.

26-CV-625 (GHW) (BCM)

**INITIAL CASE MANAGEMENT ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

After consultation with the parties, the Court adopts the following case management and scheduling order pursuant to Fed. R. Civ. P. 16:

1.    <u>Joinder and Amendment</u>. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties must be made pursuant to Fed. R. Civ. P. 15(a)(2) and will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4).

2.    <u>Motion to Dismiss</u>. Defendant has filed a motion to dismiss the amended complaint. (Dkt. 32.) No later than **May 27, 2026**, defendant must file a corrected version of its moving brief in support of the motion (*see* Dkt. 31), together with a redline showing the changes from the original moving brief. No later than **June 10, 2026**, plaintiff must file his opposition papers. No later than **June 17, 2026**, defendant must file its reply papers, if any.

3.    <u>Stay of Discovery</u>. For the reasons discussed during today's conference, and after considering "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion," *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (alteration in original; citation omitted), the Court GRANTS IN PART defendant's motion to stay discovery (Dkt. 35). Written fact discovery will proceed in accordance with the schedule below. All remaining discovery is STAYED pending decision on the motion to dismiss.

4.    <u>Arbitration</u>. During today's conference, plaintiff expressly waived his right, if any, to arbitrate pursuant to the October 20, 2025 Offer of Employment (Dkt. 34-1). No later than **May 29, 2026**, defendant must advise the Court in writing whether it also wishes to waive its right, if any, to arbitrate the parties' dispute.

5.    <u>Automatic Disclosures</u>. The parties must exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) no later than **June 10, 2026**.

6.      <u>Written Discovery</u>. The parties must serve their initial requests for production of documents and any initial interrogatories (in compliance with Local Rule 33.3(a)) no later than **June 17, 2026**.

7.      <u>Timely Discovery</u>. Once discovery deadlines are set, all discovery requests and notices must be served in time to allow the person served to respond, on the schedule set forth in the Federal Rules of Civil Procedure, prior to the applicable deadline. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

8.      <u>Status Conference</u>. Judge Moses will conduct a status conference on **August 19, 2026, at 11:00 a.m.** No later than **August 12, 2026**, the parties must submit a joint status letter outlining the progress of discovery to date, as well as any settlement efforts. If no discovery controversies exist at that time, the parties may request that the conference be held telephonically.

9.      <u>Settlement Conference</u>. If and when the parties believe that mediation, or a judicially supervised settlement conference, would be productive, they may request a mediation referral or a settlement conference by letter. Before requesting a judicially-supervised settlement conference, the parties may inquire as to the Court's availability by contacting the Courtroom Deputy at 212-805-0228.

10.     <u>Conferences and Hearings</u>. All court conferences, hearings, and other proceedings will be held in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, unless the Court orders otherwise. If a proceeding takes place via teleconference, the parties must call **(855) 244-8681** on their scheduled date, a few minutes before their scheduled time, and enter the access code **2314 181 4376#**. Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called. If the proceeding takes place via videoconference, chambers will email the appropriate link to counsel in advance of the proceeding.

11.     <u>Remote Depositions</u>. In accordance with Fed. R. Civ. P. 30(b)(4), the Court authorizes the parties to conduct any or all depositions in this action (when and if permitted) via telephone, videoconference, or other remote means, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4). This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

2

12.     Trial. The parties have stated that the anticipated length of trial is 3 days. Plaintiff has requested a jury trial.

13.     Extensions and Adjournments. Any application for extension or adjournment of the time limits, deadlines, and/or courtroom proceedings set forth above must be made by letter-motion, in accordance with this Court's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. **Applications made after the expiration of the deadline in question may be summarily denied**.

14.     Discovery of ESI. If they have not already done so, counsel are hereby directed to confer with one another by telephone or in person **within two weeks of the date of this Order** regarding potential discovery issues concerning electronically stored information (ESI). An exchange of letters or emails is not sufficient. Counsel must discuss, among other things, sources of relevant ESI; steps taken or to be taken to preserve relevant ESI; identification of appropriate custodians; ESI search and review procedures; form of production of ESI; any limitations or anticipated difficulties regarding discovery or production of ESI; cost estimates; and proposals for containing or sharing costs.

15.     Discovery Applications. Discovery disputes that cannot be resolved after good-faith negotiations may be presented by letter-motion, seeking a discovery conference, in accordance with Local Civil Rule 37.2 and this Court's Individual Practices. Such applications must be made promptly after the need for court intervention arises, but in no event before the parties have met and conferred, in person or via telephone, with respect to all issues in dispute. An exchange of letters or emails is not sufficient. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless the Court determines that more formal briefing is required.

16.     Fed. R. Evid. 502(d) Order. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

The Clerk of Court is respectfully directed to close the motion at Dkt. 33.

Dated:  New York, New York          SO ORDERED.
        May 27, 2026

**BARBARA MOSES**
**United States Magistrate Judge**

3